# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

CRAIG BELKNAP,

       Petitioner,

   v.

HARDY MYERS,

       Respondent.

Civil No. 00-1713-BR

OPINION AND ORDER

**HARRISON LATTO**
400 S.W. Sixth Ave., Suite 600
Portland, OR  97204

    Attorney for Petitioner

**HARDY MYERS**
Attorney General
**LESTER R. HUNTSINGER**
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

    Attorneys for Respondent

**BROWN, Judge.**

Petitioner, a person incarcerated under 18 U.S.C. § 4246(d) at the Federal Medical Center in Rochester, Minnesota, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the legality of a 1994 Oregon weapons conviction. For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus.

## BACKGROUND

On September 24, 1993, a security guard at the Clackamas Town Center shopping mall saw Petitioner putting on a bullet proof vest in the mall parking lot. Petitioner appeared to be purchasing the vest from another individual. The security guard approached, and asked the two men to leave the premises. The guard noted with concern that Petitioner was wearing two heavy, bulky fanny packs of a type favored by law enforcement personnel to carry weapons. Petitioner and the other man left the premises and drove across the street to a vacant lot, where the security guard watched them complete the bullet proof vest transaction. The two men then drove back onto mall property. Petitioner exited the vehicle in the mall parking lot.

Meanwhile, the security guard contacted the sheriff's office to report his suspicion that the two men might be armed. Within minutes after Petitioner returned, two deputies approached Petitioner where he was seated near a transit center on mall

property.  As the deputies approached from behind, Petitioner
stood up and turned to face them.  One of the deputies noticed
what appeared to be the butt of a semi-automatic weapon in one of
the fanny packs.  He ordered Petitioner to drop his backpack and
put both hands behind his head.  Petitioner did not immediately
respond to the command, but after the deputies drew their weapons
he eventually put his hands behind his head.

 The deputies ordered Petitioner to his knees.  Again,
Petitioner did not initially respond.  One deputy asked Petitioner
if he understood English, and Petitioner responded "Yes."
Petitioner started to kneel, but then stood back up several times.
While Petitioner was facing the two deputies, two mall security
guards approached him from behind.  One guard, out of Petitioner's
sight, showed the deputies a pair of handcuffs, and was motioned
forward.  As the two guards approached, Petitioner turned in their
direction and stood up, moving his hands from his head down to the
fanny packs.  The two security guards each grabbed a hand, and
wrestled Petitioner to the ground.  As the deputies approached,
one saw a security guard trying to pull Petitioner's hand off the
right fanny pack.  The guard pulled Petitioner's hand back several
times, and eventually secured Petitioner in handcuffs.

 The deputies searched Petitioner, and found a loaded and
cocked .22 caliber Derringer handgun in his shorts pocket.  The
fanny pack on Petitioner's right side held a loaded 9 mm semi-

automatic pistol, and four additional magazines, each holding 15 rounds of hollow point 9 mm ammunition.  The left fanny pack contained a loaded .357 revolver, a loaded .38 caliber revolver, and three speed loaders designed for rapid reloading.  The backpack Petitioner was carrying contained a pair of brass knuckles, a pair of spiked brass knuckles, a knife in a sheath, ammunition magazines loaded with 9 mm hollow point shells, loose ammunition, and a can of mace.

A Clackamas County grand jury indicted Petitioner on charges of Unlawful Use of a Weapon with a Firearm, three counts of Unlawful Use of a Weapon, four counts of Unlawful Possession of a Weapon, two counts of Carrying a Concealed Weapon, and one count each of Criminal Trespass in the Second Degree and Criminal Trespass while in Possession of a Firearm.  Prior to trial, Petitioner's attorney moved to suppress all evidence seized from Petitioner on the basis that the deputies lacked probable cause to arrest Petitioner.  After an evidentiary hearing, the trial judge denied the motion to suppress.

Petitioner was tried to a jury.  At the close of the prosecutor's case, Petitioner's trial attorney moved for a judgment of acquittal on the Unlawful Use of Weapon charges.  The trial judge denied the motion.

The jury ultimately convicted Petitioner on one count of Unlawful Use of a Weapon with a Firearm, four counts of Unlawful

Possession of a Firearm, two counts of Carrying a Concealed Weapon, and Criminal Trespass in the Second Degree and Criminal Trespass While in Possession of a Firearm.  The trial judge sentenced Petitioner to 60 months' imprisonment, with a period of post-prison supervision.

Petitioner filed a direct appeal, alleging insufficient evidence supported the Unlawful Use of Weapon conviction and a challenge to the grand jury proceeding.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  *State v. Belknap*, 158 Or. App. 145, 972 P.2d 1233, *rev. denied*, 329 Or. 287, 994 P.2d 122 (1999).

Petitioner did not seek state post-conviction relief ("PCR"). Instead, he filed a series of state habeas petitions, which the state courts denied.

Petitioner filed his federal habeas action on October 24, 2000.  On April 27, 2004, appointed counsel filed an Amended Petition for Writ of Habeas Corpus on Petitioner's behalf.  The Amended Petition alleges four grounds for relief:

**Ground One:**  Petitioner was deprived of his rights under the Due Process Clause of the Fourteenth Amendment, in the following respects:

1.   His convictions were not supported by sufficient evidence to prove his guilt beyond a reasonable doubt;

2.   The prosecutor's decision to seek a felony indictment was motivated by vindictiveness and not

by impartial considerations and criteria applied without bias;

3. The judge who presided over his felony trial was a district court judge and not a circuit court judge; accordingly, the court that issued the judgment of conviction and sentence lacked jurisdiction to do so;

4. Agents of the state eavesdropped upon private and privileged attorney-client communications between petitioner and his counsel, and then adjusted its trial strategy based upon information illegally obtained in that manner.

**Ground Two**: Petitioner was deprived of his right to effective assistance of counsel, as guaranteed by the Sixth Amendment, as applied to the states under the Due Process Clause of the Fourteenth Amendment, in that Mr. Shepley, petitioner's original trial counsel, had a conflict of interest, consisting of the fact that Mr. Shepley, at the same time as he was acting as petitioner's attorney, served as a part-time deputy district attorney. Accordingly, because petitioner was not represented by an unconflicted [sic] attorney, petitioner was deprived utterly of the right to counsel at his trial.

**Ground Three**: Petitioner was deprived of his right to the effective assistance of counsel, as guaranteed to him by the Sixth Amendment, as applied to the states under the Due Process Clause of the Fourteenth Amendment, in that Mr. Shepley, petitioner's trial counsel, failed to:

1. Present testimony from eyewitnesses who could have exculpated petitioner;

2. Conduct adequate *voir dire*, so as to exclude persons from the jury who had previously been victims of crime or who harbored prejudicial attitudes toward petitioner, and to exclude one prospective juror on the basis that he personally knew someone who was involved in the incident, Timothy Hulse;

3.  Move to dismiss the charges as a sanction for the state's failure to produce all discovery material to which petitioner was entitled;

4.  Move for a change of venue;

5.  Present witnesses who could have attested to petitioner's good character;

6.  Impeach the credibility of the state's witnesses by means of their criminal records;

7.  Ask for a postponement of trial so that he could more thoroughly prepare petitioner's defense;

8.  Present evidence showing that, the day after his arrest, petitioner was released from custody on his own recognizance;

9.  Present evidence showing that, at the time of his arrest, petitioner was justifiably concerned regarding his own safety, because of threatening statements made by the arresting officers, such that any resistance to the arrest petitioner exhibited would have been seen as understandable;

10. Object when, at sentencing, the state presented evidence from a witness ostensibly as a victim, when in fact the witness was not a victim.

**Ground Four:** Petitioner was deprived of his right to effective assistance of counsel, as guaranteed to him by the Sixth Amendment, as applied to the states under the Due Process Clause of the Fourteenth Amendment, in that Mr. Storkel, petitioner's counsel for his direct appeal, negligently and inexcusable [sic] failed to:

1.  Prosecute the appeal diligently;

2.  Take steps to correct substantial and prejudicial errors in the transcript;

3.  Raise meritorious claims.

Respondent argues the state court decision denying

Petitioner's insufficiency-of-the-evidence claim is entitled to

deference under 28 U.S.C. § 22554(d)(1), and that Petitioner procedurally defaulted all remaining grounds for relief. In reply, Petitioner does not address this claim. Instead, Petitioner argues his conviction unconstitutionally rested upon evidence seized from Petitioner's person in violation of Fourth Amendment search and seizure prohibitions, as incorporated under the Due Process Clause of the Fourteenth Amendment. Petitioner further argues his failure to exhaust state remedies should be excused because of his mental condition.

## DISCUSSION

## I.   Relief on the Merits - Insufficiency of the Evidence

A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 1172-75 (2003).

A state court acts "contrary to ... clearly established Federal law" if it arrives at a conclusion opposite to that

reached by the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ramdass v. Angelone*, 530 U.S. 156, 165-66 (2000). An "unreasonable application of clearly established Federal law" occurs if a state court identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts of the prisoner's case or unreasonably refuses to extend the governing legal principle. *Williams*, 529 U.S. at 412; *Ramdass*, 530 U.S. at 166.

In conducting a review under § 2254, this Court must look to the last reasoned state-court decision. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (citing *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002)), *cert. denied*, 541 U.S. 1037 (2004). When the state court does not issue an opinion or otherwise supply the reasoning for a decision, federal habeas review is not *de novo*. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). Instead, this court considers whether the state decision was "objectively reasonable" after conducting an independent review of the record. *Id*.

The Due Process Clause of the Fourteenth Amendment protects the "accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime

with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). In reviewing the sufficiency of evidence to support a petitioner's state conviction, a federal habeas court must determine whether, after considering all of the evidence in the light most favorable to the prosecution, a rational trier of fact could have found each of the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Walters v. Maas*, 45 F.3d 1355, 1358 (9th Cir. 1995). The court is to look to state law to determine the elements of the crime, and the appropriate definition or parameters of such elements. *Jackson*, 443 U.S. at 324.

If the evidence is unclear or would support conflicting inferences, a presumption arises that the trier of fact resolved any such conflicts in favor of the prosecution. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir.), *cert. denied*, 510 U.S. 843 (1993). The reviewing federal court must respect the province of the jury to determine credibility of witnesses, resolve evidentiary conflicts, and draw inferences from proven facts by assuming that the jury resolved all conflicts in a manner that supports the verdict. *Walters*, 45 F.3d at 1358.

Upon an independent review of the record, viewing the evidence in the light most favorable to the prosecution, this Court finds that the jurors rationally could have found Petitioner

guilty of the charged offenses. The state court decisions, therefor, were not contrary to nor an unreasonable application of clearly established federal law. Accordingly, Petitioner is not entitled to relief on this claim.

II. **Procedural Default - Remaining Claims Alleged in Petitioner's Amended Petition for Writ of Habeas Corpus**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceeding before a federal court may consider granting habeas corpus relief. See 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, a prisoner must fairly present his federal claims to the state courts. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003).

A federal habeas claim is procedurally defaulted if the claim could have been raised in state court, but was not and, as a result, is now procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, (1991). If a state prisoner has procedurally defaulted his federal claim in state court, federal habeas review is precluded unless the prisoner can demonstrate both cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). In the extraordinary case, cause for procedural default may be established "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

With the exception of his insufficient-evidence claim, Petitioner failed to exhaust his state remedies on every ground for relief alleged in his Amended Petition, and his time to do so has long passed.[1] While Petitioner alludes to mental illness as a potential cause for his failure to pursue state post-conviction relief, he presents no evidence that actual prejudice resulted therefrom. To the extent Petitioner argues the deputies lacked probable cause to arrest him in violation of the Fourth Amendment, a federal district court may not re-litigate a Fourth Amendment issue tried fully and fairly in a state court, regardless of the correctness of the state decision. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977). Moreover, Petitioner does not present any evidence of a fundamental miscarriage of justice. Accordingly, Petitioner is

---

[1]Pursuant to Or. Rev. Stat. § 138.510(3), a petition for state post-conviction relief must be filed within two years of the date the direct appeal becomes final in the Oregon appellate courts.

not entitled to relief on the procedurally defaulted grounds for relief.

## CONCLUSION

For these reasons, the Court **DENIES** the Amended Petition for Writ of Habeas Corpus, and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this ___1st___ day of February, 2006.


                              ___/s/ Anna J. Brown_____
                                 ANNA J. BROWN
                                 United States District Judge